## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

Pablo A. Salcedo,

                      Plaintiff,

    v.

Penn State Health Milton S. Hershey
Medical Center,

                    Defendant.

CIVIL ACTION NO. 2019-cv-02201-CCC

## DEFENDANT'S ANSWER TO COMPLAINT
## WITH AFFIRMATIVE DEFENSES

Defendant, The Milton S. Hershey Medical Center[1] ("Defendant" or the "Medical Center") by and through its undersigned counsel, White and Williams LLP, hereby files this Answer to Complaint with Affirmative Defenses and in support thereof avers as follows:

## INTRODUCTION

After determining that Plaintiff was not demonstrating competency in the milestones of patient care, medical knowledge and interpersonal and communication skills, Plaintiff was removed from clinical service in the residency program and his appointment ended on June 30, 2018. To the extent the remaining statements in this introductory paragraph assert factual allegations they are denied.

---

[1] Defendant's proper name is The Milton S. Hershey Medical Center.

The remaining statements in this introductory paragraph assert conclusions of law to which no response is required. To the extent they contain factual allegations, they are denied as stated.

1.     This paragraph contains conclusions of law to which no response is required.

2.     This paragraph contains conclusions of law to which no response is required.

3.     This paragraph contains conclusions of law to which no response is required.

4.     This paragraph contains conclusions of law to which no response is required.

5.     This paragraph contains conclusions of law to which no response is required.

6.     This paragraph contains conclusions of law to which no response is required.

7.     It is admitted that Plaintiff is an adult citizen and that he formerly resided in Pennsylvania.  After reasonable investigation, the Medical Center is without sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph and they are denied.

8.     Denied as stated.

9.      Admitted.

10.     This paragraph contains conclusions of law to which no response is required.

11.     Denied as stated.

12.     This paragraph contains conclusions of law to which no response is required.

13.     It is admitted only that Plaintiff was employed by the Medical Center for the period of July 1, 2017 until June 30, 2018 and was compensated for this period of employment.  By way of further response, Plaintiff was removed from clinical service on March 6, 2018.

14.     It is admitted only that Dr. Nicole Swallow held the position of Assistant Professor of Medicine and Director, Internal Medicine Residency Training Program and was a member of the Clinical Competency Committee during Plaintiff's employment with the Medical Center.

15.     Denied as stated.

16.     Denied as stated.

17.     Denied as stated.

18.     After reasonable investigation, the Medical Center is without sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph and they are denied.

19.    Admitted.

20.    Admitted.

21.    Admitted.

22.    Denied as stated.  By way of further response, Dr. Snyder submitted information about her observations of Plaintiff's clinical performance.

23.    This paragraph contains conclusions of law to which no response is required.

24.    This paragraph contains conclusions of law to which no response is required.

25.    It is admitted that Drs. Swallow and Ghahramani signed a letter to Plaintiff dated March 6, 2018.  The letter is a document that speaks for itself and all characterizations of it are denied.

26.    Admitted.

27.    This paragraph contains conclusions of law to which no response is required.

28.    After reasonable investigation, the Medical Center is without sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph and they are denied.

29.    This paragraph contains conclusions of law to which no response is required.

24186846v.1

30.     After reasonable investigation, the Medical Center is without sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph and they are denied.

31.     It is admitted only that the EEOC issued a Notice of Right to Sue dated October 2, 2019.

32.     This paragraph contains conclusions of law to which no response is required.

33.     This paragraph contains conclusions of law to which no response is required.

34.     Admitted.

35.     Denied as stated.

36.     Denied as stated.

37.     After reasonable investigation, the Medical Center is without sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph and they are denied.

38.     This paragraph contains conclusions of law to which no response is required.  To the extent this paragraph asserts factual allegations, after reasonable investigation, the Medical Center is without sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph and they are denied..

39.    This paragraph contains conclusions of law to which no response is required.  To the extent this paragraph asserts factual allegations, after reasonable investigation, the Medical Center is without sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph and they are denied.

40.    This paragraph contains conclusions of law to which no response is required.  To the extent this paragraph asserts factual allegations, after reasonable investigation, the Medical Center is without sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph and they are denied.

41.    It is denied that Plaintiff was successful during his appointment at Hershey Medical Center. After reasonable investigation, the Medical Center is without sufficient knowledge or information to admit or deny the truth of the remaining allegations contained in this paragraph and they are denied.

42.    Denied as stated.

43.    Denied as stated.

44.    Denied as stated.

45.    The allegations in this paragraph refer to a document which speaks for itself and all characterizations of it are denied.

46.     The allegations in this paragraph refer to a document which speaks for itself and all characterizations of it are denied.

47.     This paragraph contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, they are denied as stated.

48.     Denied as stated.

49.     Denied as stated.

50.     After reasonable investigation, the Medical Center is without sufficient knowledge or information to admit the truth of the allegations about such "contact" and the allegations are denied.

51.   This paragraph contains conclusions of law to which no response is required.  To the extent this paragraph contains factual allegations, they are denied as stated.

52.     After reasonable investigation, the Medical Center is without sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph and they are denied.

53.     Denied as stated.

54.     After reasonable investigation, the Medical Center is without sufficient knowledge or information to admit or deny the truth of the allegations contained in

this paragraph and they are denied. To the extent this paragraph asserts factual allegations, they are denied.

55.     After reasonable investigation, the Medical Center is without sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph and they are denied.

56.     Denied as stated. By way of further response, in a meeting with Plaintiff on or about August 30, 2017, Dr. Swallow encouraged Plaintiff to work with the Chief Residents.

57.     Denied as stated. By way of further response, Dr. Swallow encouraged Plaintiff to continue to work with the Chief Residents.

58.     This paragraph contains conclusions of law to which no response is required.  After reasonable investigation, the Medical Center is without sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph and they are denied.

59.     The allegations in this paragraph refer to a document which speaks for itself and all characterizations of it are denied.

60.     This paragraph contains conclusions of law to which no response is required.  To the extent this paragraph asserts factual allegations, after reasonable investigation, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations and they are denied.

61.    This paragraph contains conclusions of law to which no response is required.  To the extent this paragraph asserts factual allegations, after reasonable investigation, the Medical Center is without sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph and they are denied.

62.    After reasonable investigation, the Medical Center is without sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph and they are denied.

63.    Denied as stated. By way of further response, it is admitted only that on December 7, 2017, Dr. Swallow met with Plaintiff and Plaintiff informed her about the events that occurred on December 6, 2017, including that he had experienced symptoms that included double vision, shifting vision, visual hallucinations and an episode of erratic behavior. After reasonable investigation, the Medical Center is without sufficient knowledge or information to admit or deny the truth of the remaining allegations contained in this paragraph and they are denied.

64.    Denied as stated. By way of further response, it is admitted only that on December 7, 2017, Dr. Swallow met with Plaintiff and Plaintiff informed her about the events that occurred on December 6, 2017, including that he had experienced symptoms that included double vision, shifting vision, visual hallucinations and an

episode of erratic behavior.  During the meeting, Plaintiff acknowledged concerns related to patient care.

65.    Denied as stated. By way of further response, it is admitted only that on December 7, 2017, Dr. Swallow expressed concern to Plaintiff and directed him: 1) to contact his outpatient psychiatrist and his outpatient psychologist and inform them about the events of December 6, 2017; 2) to seek an evaluation of his fitness for duty; 3) if unable to attain a return to duty, provide an ongoing care plan; and 4) provide an update the next day.

66.    Denied as stated. By way of further response, Dr. Swallow informed Plaintiff that it was in his best interest to have his medical evaluation by a provider other than his colleagues.

67.    The allegations in the paragraph refer to a document which speaks for itself and all characterizations of it are denied.

68.    The allegations in the paragraph refer to a document which speaks for itself and all characterizations of it are denied.

69.    Denied as stated.

70.    After reasonable investigation, the Medical Center is without sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph and they are denied.

71.     After reasonable investigation, the Medical Center is without sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph and they are denied.

72.     Denied as stated.  By way of further response, on December 12, 2017, Timothy Sullivan, PA-C, reported that Plaintiff was "medically cleared from my perspective to return to work on December 12, 2017 without any restrictions."

73.     It is admitted that on December 14, 2017, Dr. Swallow met with Plaintiff. The remaining allegations in this paragraph refer to a document which speaks for itself and all characterizations of it are denied.

74.     After reasonable investigation, the Medical Center is without sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph and they are denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     The allegations in this paragraph refer to a document which speaks for itself and all characterizations of it are denied. By way of further response, the plan was based on Plaintiff's medical clearance that returned Plaintiff to work "without any restrictions."

80.     The allegations in this paragraph refer to a document which speaks for itself and all characterizations of it are denied.

81.      The allegations in this paragraph refer to a document which speaks for itself and all characterizations of it are denied.

82.     It is admitted that on February 9, 2018, Dr. Gonzalo met with Dr. Salcedo for a clinical re-assessment.

83.     The allegations in this paragraph refer to a document which speaks for itself and all characterizations of it are denied.

84.     The allegations in this paragraph refer to a document which speaks for itself and all characterizations of it are denied.

85.     Denied as stated. By way of further response, Dr. Kogut met with Plaintiff on February 24, 2018. During the meeting, Plaintiff was crying and informed Dr. Kogut that he was experiencing increasing depression and anxiety, was getting multiple crying spells and that his condition had negatively affected his work and patient care. Dr. Kogut called in coverage for Plaintiff and instructed Plaintiff to go home, take his prescribed medications and meet with his psychiatrist.

86.     Denied as stated.

87.     After reasonable investigation, the Medical Center is without sufficient knowledge or information to admit or deny the truth of the allegations contained in this paragraph and they are denied.

88.     Denied as stated. By way if further response, after Plaintiff was removed from clinical service effective February 25, 2018, Dr. Swallow requested that Plaintiff undergo a fitness for duty evaluation.

89.     The allegations in this paragraph refer to a document which speaks for itself and all characterizations of it are denied.

90.     Denied as stated.

91.     Denied as stated.

92.     Denied as stated.

93.     Denied.

94.     Denied as stated.

95.     After reasonable investigation, the Medical Center is without sufficient knowledge or information to admit or deny the truth of the allegations and the allegations are therefore denied.

96.     Denied as stated.

97.     Denied as stated.

98.     This paragraph contains conclusions of law to which no response is required.  To the extent that the allegations in this paragraph refer to a document, that document speaks for itself and all characterizations of it are denied.

99.     Denied as stated. By way of further response, Dr. Swallow and Dr. Ghahramani signed a letter dated March 6, 2018 to Plaintiff.

100.   Denied.

101.   It is admitted only that on April 11, 2018, Dr. Salcedo filed an appeal of the decision. By way of further response, after reasonable investigation, the Medical Center is without sufficient knowledge or information to admit or deny the truth of the remaining allegations contained in this paragraph and they are denied.

102.   This paragraph contains conclusions of law to which no response is required.  To the extent that the allegations in this paragraph refer to a document, that document speaks for itself and all characterizations of it are denied.

**Jury Demand**
**Causes of Action**
**Count One**
**Violation of the Americans with Disabilities Act**
**Termination Because of a Disability (ADA)**
**42 U.S.C. § 12101 *ET. SEQ.***

103.   The Medical Center incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

104.   This paragraph contains conclusions of law to which no response is required.

105.   This paragraph contains conclusions of law to which no response is required.

106.   This paragraph contains conclusions of law to which no response is required.

-14-

107.   This paragraph contains conclusions of law to which no response is required.

**Count Two**
**Violation of the Americans with Disabilities Act**
**Failure to Accommodate (ADA)**
**42 U.S.C. § 12101 *ET. SEQ.***

108.   The Medical Center incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

109.   This paragraph contains conclusions of law to which no response is required.

110.   This paragraph contains conclusions of law to which no response is required.

111.   This paragraph contains conclusions of law to which no response is required.

112.   This paragraph contains conclusions of law to which no response is required.

113.   This paragraph contains conclusions of law to which no response is required.

**Count Three**
**Violation of Section 504 of the Rehabilitation Act of 1983**
**29 U.S.C. § 794**

24186846v.1

114.   The Medical Center incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

115.   This paragraph contains conclusions of law to which no response is required.

116.   This paragraph contains conclusions of law to which no response is required.

117.   This paragraph contains conclusions of law to which no response is required.

118.   This paragraph contains conclusions of law to which no response is required.

**Count Four**
**Violation of the Pennsylvania Human Relations Act**
**Termination Because of a Disability**
**43 P.S. § 951 *ET. SEQ*.**

119.   The Medical Center incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

120.   This paragraph contains conclusions of law to which no response is required.

121.   This paragraph contains conclusions of law to which no response is required.

-16-

122.   This paragraph contains conclusions of law to which no response is required.

123.   This paragraph contains conclusions of law to which no response is required.

**Count Five**
**Violation of the Pennsylvania Human Relations Act**
**Failure to Accomodate**
**43 P.S. § 951 *ET. SEQ*.**

124.   The Medical Center incorporates herein by reference all of the foregoing paragraphs as though fully set forth below.

125.   This paragraph contains conclusions of law to which no response is required.

126.   This paragraph contains conclusions of law to which no response is required.

127.   This paragraph contains conclusions of law to which no response is required.

128.   This paragraph contains conclusions of law to which no response is required.

129.   This paragraph contains conclusions of law to which no response is required.

24186846v.1

**WHEREFORE**, Defendant, Penn State Health Milton S. Hershey Medical Center respectfully requests dismissal of Plaintiff's Complaint and for judgment in their favor and against Plaintiff, together with reasonable costs and attorneys' fees.

## AFFIRMATIVE DEFENSES

Defendant states the following affirmative defenses without assuming the burden of proof on such defenses that would otherwise rest with Plaintiff. Defendant also reserves the right to assert such additional defenses that may become applicable during the course of this litigation.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot establish a *prima facie* case of discrimination or retaliation under the Americans with Disabilities Act, the Rehabilitation Act of 1973, or any State equivalent laws or regulations.

## THIRD AFFIRMATIVE DEFENSE

The Medical Center at all times complied with all applicable laws, including the Americans with Disabilities Act, the Rehabilitation Act of 1973 and Pennsylvania Human Relations Act.

## FOURTH AFFIRMATIVE DEFENSE

The Medical Center does not qualify as a program or activity for purposes of Section 504, Rehabilitation Act of 1973.

## FIFTH AFFIRMATIVE DEFENSE

No reasonable accommodation existed that would have allowed Plaintiff to perform the essential functions of his job.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's requested accommodation would fundamentally alter the nature of services, programs or activities that the Medical Center provides.

## SEVENTH AFFIRMATIVE DEFENSE

To the extent that a reasonable accommodation could not be made, Defendant pleads the defense of undue hardship.

## EIGHTH AFFIRMATIVE DEFENSE

The Medical Center engaged in an interactive process with Plaintiff.  Any breakdown in the interactive process was caused by Plaintiff, not the Medical Center or its agents.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to conduct his essential job functions in a satisfactory manner, with or without reasonable accommodation.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is not a qualified individual with a disability as defined by federal and/or state law.

24186846v.1

## ELEVENTH AFFIRMATIVE DEFENSE

The Medical Center reasonably believed that accommodation of or retaining Plaintiff would constitute a significant risk to the health or safety of others that could not be eliminated by reasonable accommodation.

## TWELFTH AFFIRMATIVE DEFENSE

At all material times, any actions taken by Defendant with respect to the terms, conditions or privileges of Plaintiff's employment were taken for legitimate reasons.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's employment was terminated for legitimate reasons.

## FOURTEENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any damages or losses, such damages or losses were caused in whole or in part by Plaintiff's own acts, omissions or conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, by his failure to mitigate damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to injunctive relief.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, by the applicable statute(s) of limitations and/or any other applicable limitations period.

24186846v.1

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to establish any basis for asserting a claim for compensatory damages.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendant denies that Plaintiff has suffered any emotional, psychological, mental anguish, emotional pain and suffering, emotional distress, humiliation, and/or physical distress or injury to her reputation whatsoever as a result of any actions taken by them, and any condition allegedly suffered by Plaintiff is attributable to causes wholly independent of the Defendant's alleged actions.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred because Plaintiff failed to exhaust his administrative remedies or to meet the jurisdictional prerequisites, statutory requirements or conditions precedent for maintaining all or part of this action.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

No action or inaction of the Defendant caused Plaintiff harm at any time.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

None of the alleged losses suffered by Plaintiff were the result of any acts or omissions of Defendant.

24186846v.1

## TWENTY- THIRD AFFIRMATIVE DEFENSE

Any damages sustained by Plaintiff were the result of the acts, omissions or commissions of third parties or entities over whom Defendant had no control and no right of control.

## TWENTY- FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by estoppel, waiver, and/or laches.

## TWENTY- FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of res judicata, collateral estoppel, or both.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of unclean hands.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the after-acquired evidence doctrine.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Defendant is not liable for damages, including punitive damages.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because Defendant acted lawfully and without malice, intentional wrongdoing, or reckless indifference in disregard for Plaintiff's protected rights.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to any damages, including liquidated damages.

24186846v.1

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Any actions or omissions taken by Defendant with respect to Plaintiff's employment were made in good faith.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Defendant reserves the right to assert additional defenses as they may become known through the course of discovery.

**WHEREFORE**, Defendant, The Milton S. Hershey Medical Center respectfully requests dismissal of Plaintiff's Complaint and for judgment in their favor and against Plaintiff, together with reasonable costs and attorneys' fees.


**WHITE AND WILLIAMS LLP**


By:   */s/Nancy Conrad*_____
Nancy Conrad, Esq., #56157
3701 Corporate Parkway, Suite 300
Center Valley, PA 18034-8233
conradn@whiteandwilliams.com
(610) 782-4909
Attorneys for Defendant

Date:  February 24, 2020