

Sharon R. López
Lopez@TriquetraLaw.com

Andrea C. Farney
Farney@TriquetraLaw.com

The Offices at Marion Court
35 East Orange Street, Ste. 301
Lancaster, PA 17602
P:  (717) 299-6300
F:  (717) 299-6338
www.TriquetraLaw.com

VIA ECF

March 18, 2022

Honorable Yvette Kane
United States District Judge
Middle District of Pennsylvania
228 Walnut Street
Harrisburg, PA 17101

Re:   **TIMELINE DISCOVERY DISPUTE**
**PABLO A. SALCEDO V. THE MILTON S. HERSHEY MEDICAL CENTER**
**M.D. PA. 19-CV-02201**

Dear Judge Kane,

As requested by your Order, (Doc. 33), Plaintiff submits this letter brief in support of a protective order. The attached Declaration provides a record regarding the development and contents of "the Timeline," identified as discovery by Defendant in this dispute. Plaintiff requests the Court issue a protective order preventing disclosure of the Timeline.

I. **The Court should not compel disclosure of the Timeline Plaintiff used to prepare for his December 1, 2021 deposition because it is attorney work product and attorney-client privileged communication.**

   A. **The Timeline is protected attorney work product under Fed. R. Civ. P. 26(b)(3).**

The attorney work product doctrine applies to work product "prepared or obtained because of the prospect of litigation." *United States v. Rockwell Intern,* 897 F.2d 1255 (3d Cir. 1990). FED. R. CIV. P. 26(b)(3) partially codifies the work-product doctrine, providing that "a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its

representative" unless otherwise discoverable and the party shows substantial need for the material and the inability to obtain its substantial equivalent without undue hardship. *See Hickman v. Taylor,* 329 U.S. 495, 510-11 (1947)(recognizing the doctrine and the principle that permitting attorneys to prepare cases without fear that their work product would be used against their clients advances the adversarial system). The U.S. Supreme Court, in *United States v. Nobles,* provides the doctrine "shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case." *United States v. Nobles,* 422 U.S. 225, 238 (1975). This protection extends to "trial preparation documents prepared that reflect the fruits of the attorney's endeavors, any compendium of evidence prepared by the attorney and any of the attorney's mental impressions, opinions or theories." *Serrano v. Chesapeake Appalachia et al.,* No. 12-cv-1678, (W.D. Pa. Mar. 6, 2014).

Plaintiff has the burden of proving the doctrine applies. *Conoco, Inc. v. U.S. Dep't of Justice,* 687 F.2d 724, 730 (3d Cir. 1982). Once met, the work product is "afforded near absolute protection from discovery." *In re Cendant Corp. Sec. Litig.,* 343 F.3d 658, 663 (3d Cir. 2003).

The Timeline is unequivocally protected attorney work product. Attorney Farney is co-counsel with me in this matter. The Timeline was prepared initially by Attorney Farney, during and for this litigation. (Decl. ¶¶1, 5, 7). Attorney Farney reviewed the voluminous record disclosed by both parties and compiled the relevant information, based on her mental impressions and legal theories as to important facts. (Decl. ¶¶9-13). The document was reviewed by Plaintiff in its creation and facilitated discussion between lawyer and client for purposes of advice and strategy. (Decl. 6-9, 14-15).

Because Plaintiff shows how the Timeline is protected attorney work product, the burden shifts to Defendant to show "substantial need." FED. R. CIV. P. 26(b)(3)(ii).

### B. Defendant does not show substantial need for discovery of the Timeline.

Timeline does contain "facts" but not new, or undisclosed facts or facts that aren't otherwise available to Defendant. (Decl. ¶11, 14). The "facts" in the Timeline are selected by Attorney Farney and Plaintiff and assembled into a prepared

Plaintiff's Letter Brief re the Timeline Discovery Dispute
Salcedo v. The Milton S. Hershey Medical Center. No. 19-cv-02201
Page **2** of 7

document. (Decl. ¶7, 10-12). Defendant has access to the same source documents and record and cannot show need justifying waiver. *See Upjohn Co. v. United States,* 449 U.S. 383, 396 (1981)(quoting Justice Jackson in his concurrence in *Hickman v. Taylor* that "Discovery was hardly intended to enable a learned profession to perform its functions…on wits borrowed from the adversary."). Further, the "facts" in the Timeline cannot be extracted from the mental impressions and legal theory/selection of the work product. FED. R. CIV. P. 26(b)(3)(B) (explaining that even if a party meets this burden, the Court "must protect against disclosure of mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation.").

### C. The Timeline is attorney/client privileged communication.

The purpose of attorney-client privilege "is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and the administration of justice. *Upjohn Co. v. United States,* 449 U.S. 383, 389 (1981). Attorney-client privilege applies where:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is a member of the bar of a court, or his subordinate and (b) in connection with the communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*In re Grand Jury Investigation,* 599 F.2d 1224, 1233 (3d Cir. 1979).

The Timeline is a document, prepared by counsel, with Plaintiff, during this litigation meeting factor (1) & (2). The Timeline facts were discovered by Attorney Farney from communications with Plaintiff, without strangers present. (Decl. ¶¶7, 16). The Timeline was developed for purposes of preparing the case. (Decl. ¶¶ 6, 8). The Timeline is comprised of information contained in disclosed documents and selected by both Attorney Farney and Plaintiff as relevant to the case. (Decl. ¶¶ 7, 9-13). Attorney Farney was giving legal advice when she communicated with Plaintiff

Plaintiff's Letter Brief re the Timeline Discovery Dispute
Salcedo v. The Milton S. Hershey Medical Center. No. 19-cv-02201
Page **3** of **7**

back and forth about the contents of the document as to relevance and strategy. (Decl. ¶¶ 6-7). Plaintiff has not disclosed the Timeline to third parties. Plaintiff also contributed to the ongoing development of the Timeline, but only in the context of attorney-client communication. Throughout the course of this litigation the Timeline has been updated and changed, creating multiple versions between counsel and client. Therefore, there are multiple Timelines because there are multiple versions.

### D. Plaintiff properly asserted both privileges.

The Timeline had not yet been created by Attorney Farney when Plaintiff responded to Defendant's First Document Requests, served September 1, 2020 and responded to on October 16, 2020. Plaintiff would not have any reason to subsequently disclose the Timeline because it is pure attorney work product used with Plaintiff, and privileged.

Defendant first deposed Plaintiff on December 1, 2021. Defendant's Counsel asked Plaintiff how he prepared for the deposition. Plaintiff first indicated he reviewed "timelines" and that he reviewed "this material" with "my attorney." Defendant's Counsel asked Plaintiff to clarify how many timelines he was referring to. He clarified it was one. Attorney López asserted attorney client privilege and protection for the document. Defendant's Counsel indicated she thought the privilege was waived. The deposition continued without resolution.

Plaintiff also provided a privilege log to Defendant on January 6, 2022, noting the Timeline was attorney-client privileged. On January 24, 2022, Defendant again requested the Timeline, asserting that privilege was irrelevant because "factual material" can be extracted from documents. In response, Plaintiff provided a more detailed response and explanation describing the Timeline to Defendant on February 18, 2022, focusing on the attorney work product privilege claimed. Plaintiff also advised Defendant that Plaintiff would need to seek a protective order if Defendant continued to request the Timeline. Plaintiff has properly asserted claims for attorney work product and attorney/client privilege. Defendant must prove waiver to obtain discovery.

### E. Defendant cannot prove waiver of privilege.

Defendant claims the privilege is waived under Federal Rule of Evidence 612 because Plaintiff testified he reviewed the Timeline prior to his deposition. Federal Rule of Evidence 612 requires a party to meet three conditions before disclosure or

Plaintiff's Letter Brief re the Timeline Discovery Dispute
Salcedo v. The Milton S. Hershey Medical Center. No. 19-cv-02201
Page **4** of **7**

documents used to refresh recollection prior to the deposition can be obtained. "1) the witness must use the writing to refresh his memory; 2) the witness must use the writing for the purpose of testifying; and 3) the court must determine that production is necessary in the interests of justice." FED. R. EVID. 612.

Here, Defendant does not show the requisite foundation to compel disclosure. Plaintiff *did not* use the Timeline to refresh his memory during the deposition. Plaintiff *did not* use the Timeline for purpose of testifying. There is no showing by the Defendant that the Timeline influenced Plaintiff's deposition testimony because there was no time during the deposition Plaintiff could not recall a response where Defense counsel asked if there was anything that would refresh his recollection, such as the Timeline. Nor did Plaintiff have the Timeline in front of him for view during the deposition. This case is like *Sprock* (*see infra*) where the court found the party requesting disclosure under Rule 612 failed to lay a proper foundation under the rule for production to apply. *See Sporck v. Peil,* 759 F.2d at 318.

There also isn't any compelling need for the document as all the documents referenced in the Timeline have already been disclosed in this litigation. (Decl. ¶10). As noted *supra* there are no "new facts" or "undisclosed facts" in the document, only the "mental impressions" of documents put together by Attorney Farney with Plaintiff. The "interests of justice" favor Plaintiff's request to protect, not disclose, the Timeline.

The Third Circuit Court of Appeals analyzed the applicability of FED. R. EVID. 612 to attorney work product in *Sporck v. Peil*, 759 F.2d 312, 317-318 (3d Cir.1985). In *Sporck*, following exchange of document discovery, defense counsel compiled some of the documents and used them to prepare the deponent. At the opening of a pretrial deposition, opposing counsel asked the deponent if he examined any documents in preparation for the deposition. After the deponent said he had reviewed documents to prepare for the deposition, but would not disclose which ones, opposing counsel filed a motion to compel the disclosure. The motion was based on FED. R. EVID. 612. The District Court granted the Motion and Sporck appealed. The issue on appeal was whether the grouping of the documents represented the mental impression of Sporck's attorney, because the "identification of the documents as a group will reveal defense counsel's selection process, and thus his mental impressions, petitioner argues that identification of the documents as a group must be prevented to protect defense counsel's work product." *Sporck v. Peil*, 759 F.2d

Plaintiff's Letter Brief re the Timeline Discovery Dispute
Salcedo v. The Milton S. Hershey Medical Center. No. 19-cv-02201
Page **5** of 7

312, 315 (3d Cir.1985). The Third Circuit agreed that such identification of the compiled documents would be work product.

The protected Timeline here is even more compelling than the protect documents in *Sporck*. Attorney Farney created the timeline with Plaintiff and referenced specific documents in discovery, which she specifically identified, while writing out the inferences drawn from the documents that she and Plaintiff selected. By selecting certain documents over others, Attorney Farney's mental impressions are clearly at the core of this document. By selected what content to focus on, her views of what information is important in the documents is also a memorialization of her mental impressions of the case documents and how they can be used in the litigation. The document is pure work product with Plaintiff for this litigation.

## II.   *In camera* review requested.

If after reviewing the attached Declaration and the law cited here, this Honorable Court still has questions as to the discoverability of the Timeline, Plaintiff requests that the Court act to protect the confidential communications and reflections on the Timeline. Plaintiff would then submit the Timeline to the Court for *in camera* review.

## III.  This Court should provide protection to the Timeline during the discovery process.

Upon a showing of good cause, a court can grant a motion for a protective order to protect parties and witnesses during the discovery process. FED. R. CIV. P. 26(c). "Good cause" includes protection because a document is attorney work product and/or attorney client privileged. *See Serrano v. Chesapeake Appalachia,* No. 12-cv-1678 (W.D. Pa. Mar. 6, 2014)(discussing the authority to issue a protective order under Rule 26(c)).

Plaintiff's Letter Brief re the Timeline Discovery Dispute
Salcedo v. The Milton S. Hershey Medical Center. No. 19-cv-02201
Page **6** of 7

## IV. Conclusion.

Plaintiff respectfully requests the Court protect the Timeline from discovery because it is attorney-client privileged information and attorney work product. Defendant's request to compel disclosure should be denied.

Very truly yours,
**TRIQUETRA LAW ®**

Sharon R. López
Attorney at Law

Plaintiff's Letter Brief re the Timeline Discovery Dispute
Salcedo v. The Milton S. Hershey Medical Center. No. 19-cv-02201
Page **7** of **7**