

**Nancy Conrad**

3701 Corporate Parkway, Suite 300 | Center Valley, PA 18034-8233
Direct 610.782.4909 | Fax 610.782.4939
conradn@whiteandwilliams.com | whiteandwilliams.com

March 18, 2022

*VIA ECF*

Honorable Yvette Kane
United States District Judge
Middle District of Pennsylvania
228 Walnut Street
Harrisburg, PA 17101

      **RE:**   **Pablo A. Salcedo v. The Milton S. Hershey Medical Center**
             **USDC for the Middle District of Pennsylvania, No. 1:19-cv-02201**

Dear Judge Kane,

    This office represents Defendant, the Milton S. Hershey Medical Center (the "Medical Center"), in the above-referenced action. Per Your Honor's Order entered on March 16, 2022, we submit this letter brief on behalf of the Milton S. Hershey Medical Center ("Defendant" or "Hershey Medical Center") addressing whether the Court should compel production of the Timeline requested by Defendant.

## Facts & Procedural History

    Plaintiff's Complaint was filed on December 23, 2019, alleging that the Hershey Medical Center violated the Americans with Disabilities Act by terminating Plaintiff because of his disability and by failing to accommodate Plaintiff, that they violated Section 504 of the Rehabilitation Act of 1973, and that they violated the Pennsylvania Human Relations Act by terminating Plaintiff because of his disability and by failing to accommodate Plaintiff. ECF No. 1. In its Answer filed on February 24, 2020, the Hershey Medical Center denied the

Honorable Yvette Kane
March 18, 2022
Page 2

allegations and asserted affirmative defenses that respond to Plaintiff's claims. ECF No. 7.

On September 1, 2020, the Hershey Medical Center served document requests, requesting in Request No. 6, documents concerning any personal records, including notes, that relate to the allegations made in the Complaint, among other things.  See Exhibit 1 (Defendant's Document Requests).  Plaintiff served its responses to Defendant's Document Requests on October 16, 2020 noting objections based on relevance, that the request was vague and ambiguous, and produced documents stamped as Salcedo.000917 to Salcedo.000940.  See Exhibit 2.  On December 1, 2021, at the start of his deposition, Plaintiff testified that in preparation for the deposition, he "reviewed timelines [he] created" that referred to his "recollection of the events."  See Pl. Dep., 12/1/2021, at 10:6-7, 16-18 (Exhibit 3).  Plaintiff then testified that it was just one timeline that consisted of "my recollection of the events as they unfolded at the medical center."  See id., at 11:11-15 (Exhibit 3).

The Hershey Medical Center sent a letter to Plaintiff on January 5, 2022 requesting, among other things, the Timeline reviewed by Plaintiff in preparation for his deposition.  See Exhibit 4.  In response, Plaintiff sent a letter on January 6, 2022 and stated that the "timeline that was identified in the deposition is attorney client communication" and attached a privilege log.  See Exhibit 5.  On January 24, 2022, the Hershey Medical Center sent a follow-up letter requesting production of the Timeline.  See Exhibit 6.  In response, Plaintiff sent a letter on February 18, 2022, claimed that the Timeline was prepared by both Plaintiff and Plaintiff's counsel, and as a result, it was "attorney-client privileged and subject to the attorney work product doctrine."  See Exhibit 7.  Lastly, the Hershey Medical Center sent an email to Plaintiff on March 10, 2022 in an effort to resolve this issue without intervention from the Court; Plaintiff's Counsel responded on March 10, 2022 that they stood by their arguments that the Timeline was attorney-client privileged information and attorney work product.

## Statement of Question Involved

Is the Hershey Medical Center entitled to production of the timeline of events that Plaintiff reviewed prior to testifying at his deposition (the Timeline) because justice requires the production and because the facts contained in the Timeline are discoverable?

*Suggested Answer*:  Yes

## Argument

A.   **The Legal Standard**

The scope of discovery is broad and a party "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(2)(iii).  A party may seek to compel discovery when another party has failed to respond adequately to a discovery request.  See Fed. R. Civ. P. 37(a)(1).  The rule expressly allows a party to file a motion to compel the production of documents.  See Fed. R. Civ. P. 37(a)(3)(B)(iv).  Specifically, Federal Rule of Evidence 612 requires three conditions to be met in order to obtain documents used by a witness prior to testifying: (1) the witness must use the writing to refresh his memory; (2) the witness must use the writing for the purpose of testifying; and (3) the court must determine that production is necessary in the interests of justice.  Fed. R. Evid. 612; see also Sporck v. Peil, 759 F.2d 312, 317 (3d Cir. 1985).

B.   **The Timeline was Reviewed by Plaintiff for the Purpose of Testifying at His Deposition**

Federal Rule of Evidence 612 provides in relevant part that if a witness uses a writing to refresh their memory before testifying, an adverse party is entitled to production of the writing "if the court decides that justice requires" the writing to be produced.  Fed. R. Evid. 612(a)-(b).[1]  Per the Rule, before an adverse party can obtain the writing, three conditions must be met: (1) the witness must use the

---

[1] Rule 612 does not require the witness to use the document at issue to refresh their memory during the deposition; it is sufficient that the witness used the document to prepare for the deposition.

writing to refresh his memory; (2) the witness must use the writing for the purpose of testifying; and (3) the court must determine that production is necessary in the interests of justice. See Sporck, 759 F.2d at 317. Rule 612 also applies to deposition testimony. See id.

Plaintiff testified on December 1, 2021 that in preparation for his deposition, he "reviewed timelines I created" referring to his "recollection of the events." See Pl. Dep., 12/1/2021, at 10:6-7, 16-18 (Exhibit 3).[2] Plaintiff also testified that he prepared for his deposition by reviewing documents received from the Hershey Medical Center that he had in his possession. See Pl. Dep., 12/1/2021, at 10:7-9 (Exhibit 3). Plaintiff further testified that the Timeline consisted of "my recollection of the events as they unfolded at the medical center." See id., at 11:11-15 (Exhibit 3). Based on Plaintiff's testimony, (1) Plaintiff used the Timeline for the purpose of testifying; (2) the Timeline was Plaintiff's recollection of the factual events at issue and was prepared at the time the events occurred; and (3) the Timeline informed his testimony. See Pl. Dep., 12/1/2021, at 10:16-18 (Exhibit 3). Plaintiff has established that he created the Timeline at the time the events occurred and that it relates to the claims and defenses in this action, including the factual events in dispute.

### C. The Facts in the Timeline are Discoverable and Must Be Produced

Following multiple requests, Plaintiff's Counsel informed the Hershey Medical Center that they will not be producing the Timeline "as it is attorney-client privileged and subject to the attorney work product doctrine." See Exhibit 7. In its February 18, 2022 letter and contrary to Plaintiff's testimony, Plaintiff's Counsel stated that the Timeline was prepared by both Plaintiff and Counsel during this litigation and that it "contains both communications between Dr. Salcedo and his counsel as well as attorney mental impressions, assumptions, discovery strategies and questions." See Exhibit 7. Counsel's position is not consistent with Plaintiff's

---

[2] Plaintiff did not reference that Counsel provided any input into the Timeline. Only after Plaintiff was asked additional questions about the Timeline did Plaintiff's Counsel intervene and state that the Timeline was attorney-client communications. See Pl. Dep., 12/1/2021, at 10:16-21 (Exhibit 3). Notably, at the time, Plaintiff's Counsel had not submitted a privilege log with reference to the Timeline.

testimony in which he testified under oath that he created the Timeline. See Pl. Dep., 12/1/2021, at 10:7 (Exhibit 3).

The Hershey Medical Center acknowledges that the attorney-client privilege extends to communications from the attorney to the client, in addition to communications from the client to the attorney. See Westinghouse Elec. Corp. v. Republic of Phil., 951 F.2d 1414, 1423 (3d Cir. 1991). However, the attorney-client privilege does not apply to the facts communicated. Andritz Sprout-Bauer v. Beazer E., 174 F.R.D. 609, 632 (M.D. Pa. 1997). "Facts gathered by counsel in the course of investigating a claim or preparing for trial are not privileged and must be divulged if requested in the course of proper discovery." See id. (citing Upjohn Co. v. United States, 449 U.S. 383, 395, 101 S. Ct. 677, 685, 66 L.Ed.2d 584, 595 (1981) and United Coal Cos. v. Powell Constr. Co., 839 F.2d 958, 965 (3d Cir. 1988)). Furthermore, the attorney-client privilege should not be used to deny opposing counsel of relevant evidence. See Valenti v. Allstate Ins. Co., 243 F. Supp. 2d 200, 220 (M.D. Pa. 2002).

The Hershey Medical Center initially served document requests on September 1, 2020, and in Request No. 6, formally requested documents concerning any personal records, including notes, that relate to the allegations made in the Complaint, among other things. See Exhibit 1 (Defendant's Document Requests). Plaintiff has a continuing obligation under the Federal Rules of Civil Procedure to supplement discovery when a "party learns that in some material respect the disclosure or response is incomplete." See Fed. R. Civ. P. 26(e)(1). Such obligation does not require a written request and is continuing in nature. The Timeline relates to the allegations made in Plaintiff's Complaint and must be produced.

While Plaintiff's Counsel's mental impressions, discovery strategies and questions can be protected from disclosure under Fed. R. Civ. P. 26(b)(3), the Hershey Medical Center asserts that any privilege now claimed by Plaintiff's Counsel has been waived by Plaintiff's review of the Timeline in preparation for his deposition. On that basis, the complete Timeline should be produced.[3]

---

[3] The Hershey Medical Center is not seeking an identification of the compilation of documents as sought in Sporck; the Hershey Medical Center is seeking the Timeline that Plaintiff created and used in preparation for the deposition. See, e.g., Sporck, 759 F.2d at 319.

Honorable Yvette Kane
March 18, 2022
Page 6

Alternatively, and in the event the Court finds that privilege has not been waived, the Hershey Medical Center requests that Plaintiff be required to submit the Timeline to the Court for *in camera* review to make determinations as to the production of the Timeline.

## Conclusion

For all the foregoing reasons, the Hershey Medical Center respectfully requests this Court to order Plaintiff to produce the requested Timeline within ten days, or in the alternative, direct Plaintiff to submit the Timeline to this Court for *in camera* review to make determinations as to production.

Respectfully submitted,

WHITE AND WILLIAMS LLP

Nancy Conrad
Tanya Salgado

Attachments

cc: All Counsel of Record (via ECF)

28635291v.1